IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01302-CMA-STV

FIFTH THIRD BANK,

    Plaintiff,

v.

LUCY MORALES,
THE LUCY MORALES REVOCABLE TRUST,
MARIE KORALLUS, and
MARIE LUDIAN,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

This matter is before the Court on Plaintiff Fifth Third Bank's Motion for Entry of Default Judgment against Lucy Morales and the Lucy T. Morales Revocable Living Trust (Defaulting Defendants). (Doc. # 45.) Defendants Marie Korallus and Marie Ludian (Non-defaulting Defendants) filed a joint response, objecting to Plaintiff's request on grounds that the rule announced in *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), prevents this Court from entering a default judgment against the Defaulting Defendants until the case has been adjudicated on the merits as to the Non-defaulting Defendants. (Doc. # 49.) As explained below, the Court agrees that the *Frow* rule is applicable here and therefore denies Plaintiff's Motion.

## I. PROCEDURAL HISTORY

Plaintiff filed its Complaint in this case on May 27, 2016 (Doc. # 1) and served it upon the Defendants in June and July 2016 (Doc. ## 10–13). The Non-Defaulting Defendants filed its joint Answer in August 12, 2016. (Doc. # 19.) Neither Defaulting Defendants filed an answer, entered an appearance, or otherwise responded to the Complaint, and on October 17, 2016, the Clerk entered default against them. (Doc. # 26.) On July 10, 2017, Plaintiff filed the instant Motion for Default Judgment as to the Defaulting Defendants. (Doc. # 45.) Neither Defaulting Defendant has responded to the Motion.

## II. LAW

A party is in default if it fails to appear or otherwise defend. Fed. R. Civ. P. 55. However, a party's default is not necessarily sufficient to entitle a plaintiff to an entry of default judgment. *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Instead, "[o]nce default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action.'" *See id*.

According to the longstanding rule announced in the venerable case of *Frow*, 82 U.S. at 554, in a case with multiple defendants, judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants, or all defendants have defaulted. *See Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985). Otherwise, a court might enter contradictory judgments resulting in an "absurdity." *See Frow*, 82 U.S. at 554. For example, "there might be one decree of the court sustaining the charge of joint fraud

committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded." *Id.* Essentially, the key aim of this rule is the avoidance of inconsistent judgments, *Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 394 (10th Cir. 1996), and it has been frequently recognized and applied in this Circuit. *See, e.g.*, *Hunt*, 770 F.2d at 147-48; *Wilcox*, 76 F.3d at 394; *Gen. Steel Domestic Sales, LLC v. Chumley*, 306 F.R.D. 666, 669 (D. Colo. 2014); *Pratt v. South Canon Supply Co.*, 47 Colo. 478 (1910); *Salomon Smith Barney, Inc. v. Schroeder*, 43 P.3d 715, 716 (Colo. App. 2001).

The *Frow* rule is particularly applicable when multiple defendants are alleged to be jointly and severally liable because consistent damage awards on the same claim are essential among joint and several tortfeasors. *E.g.*, *Hunt*, 770 F.2d at 148. The rule can also be applied when defaulting and non-defaulting defendants have closely related defenses. *E.g.*, *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir.1984) (noting that when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendants prevail on the merits); *Wilcox*, 76 F.3d at *3 (same). Moreover, default judgment against a defendant who was secondarily liable on the plaintiff's claim cannot be entered until the plaintiff succeeds on its claim against the defendant who was primarily liable. *Pratt*, 47 Colo. at 478; *see also Salomon Smith Barney*, 43 P.3d at 716.

## III. ANALYSIS

Plaintiff's Complaint raises three Claims for Relief: (1) Avoidance of Fraudulent Transfer pursuant to Colo. Rev. Stat. § 38-8-105(a); (2) Avoidance of Fraudulent Transfer pursuant to Colo. Rev. Stat. § 38-8-105(b); and (3) Civil Conspiracy. (Doc. # 1.)

Specifically, under the First and Second Claims, Plaintiff contends that the Defaulting Defendants fraudulently transferred real property (the Montrose Property) to the Non-defaulting Defendants, without receiving adequate consideration, to intentionally avoid payment of an outstanding judgment against the Defaulting Defendants. (*Id.* at ¶¶ 45–74.) Plaintiff requests that this Court hold the Defendants jointly and severally liable for the transfer and any consequent monetary damages. (*Id.* at ¶¶ 55, 85.) Among other things, Plaintiff requests that this Court enjoin the Defendants from further disposition of the Montrose Property, appoint a receiver to take charge of the Montrose Property, and enter foreclosure of the Judgment Lien against it. (*Id.* at ¶ 85.)

In its Third Claim, Plaintiff alleges that "[t]hrough their collective participation in a fraudulent scheme, i.e. the fraudulent transfer of the Montrose Property, Defendants engaged in the tort of civil conspiracy." (*Id.* at ¶ 76.) Plaintiff requests a monetary judgment against Defendants, jointly and severally, for any damages related to this Claim. (*Id.* at ¶ 85.)

Under each of these Claims, Plaintiff essentially asserts that all Defendants should be held jointly and severally liable for the fraudulent and unlawful transfer of the Montrose Property. (*Id*. at pp. 7, 8, 10.) In so contending, Plaintiff's claims against the Defaulting Defendants and Non-defaulting Defendants are substantially intertwined and interdependant, particularly with regard to the requested relief. This is not only because Plaintiff requests that the Defendants be held jointly and severally liable but also because the Defendants have closely related defenses. For example, with regard to Claim Two, the Non-defaulting Defendants allege that adequate consideration was provided for the transfer of the Montrose Property, and with regard to Claim Three, the Non-defaulting Defendants argue they did not conspire with the Defaulting Defendants to engage in fraudulent conduct. If valid, these defenses could operate to preclude judgment against the Defaulting Defendants as well.

The Court nonetheless recognizes that it may be possible to hold the Defaulting Defendants, as transferors, liable under § 38-8-105 (a)–(b) or for civil conspiracy, while not holding the Non-defaulting Defendants, as transferees, liable. But, it is also possible that, at this early stage in the proceedings, findings and conclusions on these Claims could still result in inconsistent judgments — a result that the *Frow* rule guards against. For example, if this Court presently finds the Defaulting Defendants liable under Claims One and Two, this could void the transfer of the Montrose Property. If this Court were to later find in favor of the Non-defaulting Defendants on their contention that they took the Montrose Property "in good faith for reasonably equivalent value," (Doc. # 19, p. 5.), the transfer could be deemed valid, i.e. not voidable. *See* Colo. Rev. Stat. § 38-8-

5

109(4). Even if these judgments could be ultimately reconciled, this Court sees no reason to risk such inconsistency at this time, especially considering that the damages related to these claims are inevitably intertwined and Plaintiff concedes that this Court cannot yet determine them. (Doc. # 50, p. 4, "[T]he Court cannot disentangle an award of damages against the Defaulting Defendants from the ongoing claims against the [Non-defaulting] Defendants."). The better course of action under these circumstances is for this Court to decline to enter judgment against the Defaulting Defendants until Plaintiff's claims against the Non-defaulting Defendants have been resolved. Plaintiff may renew its motion at that time.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is DENIED. (Doc. # 45.)

DATED: September 12, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge