IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01302-CMA-STV

FIFTH THIRD BANK,

    Plaintiff,

v.

LUCY MORALES,
THE LUCY MORALES REVOCABLE TRUST,
MARIE KORALLUS, and
MARIE LUDIAN,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES**

---

This matter is before the Court on Plaintiff Fifth Third Bank's Motion for Damages for Conspiracy. (Doc. # 67.) Because Colorado law does not support the award Plaintiff requests, the motion is denied.

### I.     BACKGROUND

This case stems from a defaulted bank loan by Defendant Lucy Morales and the subsequent fraudulent transfer of real property (the Montrose Property) from Ms. Morales and her Trust to Ms. Morales's daughters, Defendants Marie Korallus and Marie Ludian. (Doc. # 64.) On December 19, 2017, this Court granted Plaintiff's Motion for Summary Judgment, finding the existence of a fraudulent transfer and a civil conspiracy to effectuate that transfer as a matter of law. (*Id.* at 12, 14.) The Court then set the matter for a hearing on damages. (*Id.* at 15; Doc. # 65.)

At that hearing, Plaintiff argued to the Court that it was entitled to attorney fees as actual, compensatory damages stemming from Defendants' conspiracy.[1] The Court requested briefing on the matter, which was thereafter submitted and is now ripe for ruling. (Doc. ## 67, 68, 69.)

## II.     DISCUSSION

In support of its request for attorney fees as actual compensatory damages flowing from Defendants' conspiracy, Plaintiff relies heavily on the Tenth Circuit decision in *Hetronic Int'l, Inc. v. Rempe*, 697 Fed. Appx. 589 (2017), and the Colorado Court of Appeals ruling in *Double Oak Const., LLC v. Cornerstone Dev. Intern., LLC,* 97 P.3d 140 (2003).

Specifically, Plaintiff urges this Court to award attorney fees as actual damages in accordance with *Hectronic Int'l*, a case in which the Tenth Circuit reversed the decision of a district court in the Western District of Oklahoma denying a plaintiff's request for attorney fees as actual compensatory damages stemming in part from defendants' conspiracy. *Id.* at 591. The panel held that because Oklahoma law provides for the recovery of attorney fees under certain conditions "as one of the elements of damages flowing from the wrongful act of the defendant," the district court should not have denied plaintiff's request for such an award. *Id.* at 590.

Plaintiff asserts that, pursuant to the Colorado Court of Appeals decision in *Double Oak*, Colorado courts, like Oklahoma courts, provide for attorney fees as actual compensatory damages on a conspiracy claim. (Doc. # 67 at 3–4.) However, after

---

[1] Plaintiff also stated that it would submit to the Court a proposed order on a writ of execution as to the Montrose Property. To date, no proposed order has been submitted.

thoroughly reviewing *Hectronic*, *Double Oak*, and other relevant Colorado and Oklahoma cases, the Court finds no legal support for an award of the legal fees that Plaintiff requests in this case.

*Hectronic Int'l* cites three Oklahoma cases standing for the proposition that attorney fees are recoverable as damages flowing from the wrongful act of the defendant: *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 11 P.3d 162, 181 (Okla. 2000); *Griffin v. Bredouw*, 420 P.2d 546, 547 (Okla. 1966); and *Sec. State Bank of Comanche v. W.R. Johnston & Co.*, 228 P.2d 169, 173 (Okla. 1951). All of those cases, and *Hectronic Int'l*, however, rely on a proposition that Plaintiff appears to overlook: attorney fees are recoverable as damages only "where the wrongful acts of the defendant have involved the plaintiff in litigation **with others**, or have placed him in such relation **with others** as to make it necessary for him to incur attorney fees to protect his interests." *Barnes*, 11 P.3d at 181 (emphasis added); *see also Hectronic, Int'l*, 697 Fed.Appx. at 590; *Griffin*, 420 P.2d at 559; *Sec. State Bank of Comanche*, 228 P.2d at 173. "Others" cannot be the wrongdoer defendant; indeed, an award is not permitted when "the litigation for which [the plaintiff] seeks to recover attorney fees is with the defendant [rather than a] third party." *Sec. State Bank of Commanche*, 228 P.2d at 173. This proposition is commonly known as the wrong-of-another doctrine.

In *Double Oak*, which Plaintiff urges us to equate with *Hectronic, Int'l* and the above-mentioned Oklahoma cases, the Colorado Court of Appeals did not apply the wrong-of-another doctrine; it is not even mentioned in the opinion. *Double Oak* involved litigation between a construction company (plaintiff) and the developer of a shopping plaza, among others, (defendants) over defendants allegedly fraudulent sale of the

3

plaza to shield the property from being used to pay a large arbitration award owed to plaintiff. *Id.* at 144–45. Like here, plaintiff brought claims of conspiracy and a violation of CUFTA, and plaintiff prevailed. *Id.* at 145. Plaintiff then sought, and the trial court awarded, attorney fees as damages on the conspiracy claim. *Id.* at 149–50.

The Colorado Court of Appeals upheld that award but not under the wrong-of-another doctrine set forth in *Hectronic* or Oklahoma law. Instead, the Court of Appeals emphasized long-standing Colorado precedent demonstrating that

> Colorado follows the American rule under which a party cannot recover his or her legal fees, whether as 'costs' or 'damages,' unless there is some exception to the general rule. . . . In the absence of a statute or contractual agreement, attorney fees are not ordinarily recoverable as an element of damages in a tort or contract action.

*Id.* at 150; *Silverstein v. Sisters of Charity of Leavenworth Health Servs. Corp.*, 38 Colo. App. 286, 290 (1976) ("[F]ees are not recoverable as an item of damages in the absence of express contractual or statutory liability."). The *Double Oak* Court then discussed exceptions to the American Rule that applied in the context of a conspiracy lawsuit: (1) when an action or claim is substantially frivolous, groundless, or vexatious, pursuant to Colorado Revised Statute § 13-17-101, et seq.; or (2) under the obdurate behavior doctrine where "the losing party has acted in bad faith or for oppressive reasons." *Id.* at 150–51. The Court upheld the trial court's fee award under both exceptions, emphasizing the defendants' vexatious and obdurate conduct in unnecessarily delaying key admissions and concessions until the latter stages of trial. *Id.* at 151.

Plaintiff in this case does not argue that Defendants have been frivolous, groundless, or vexatious in defending this lawsuit, nor does Plaintiff's motion make any reference to "obdurate" behavior. This is presumably because Plaintiff assumes that it is entitled to attorney fees as damages any time fees are incurred, so long as "they are the legitimate consequences of the tort . . . being sued upon."[2] (Doc. ## 67 at 3; 69 at 3.) In its reply, however, Plaintiff makes an alternative argument with respect to the obdurate behavior doctrine. Plaintiff contends that "Defendants' conspiracy to fraudulently transfer the Montrose Property, which required Plaintiff to file this action, constituted 'obdurate' conduct," and that "requiring a lawsuit to undo a conspiracy [necessarily] constitutes obdurate conduct." (Doc. # 69 at 3–4.) Not so. The obdurate conduct exception "applies only to bad faith conduct relating to the prosecution or defense of the action." *Double Oak*, 97 P.3d at 151; *E. F. Hutton & Co. v. Anderson*, 42 Colo. App. 497, 500 (1979) (same). Plaintiff does not contend that Defendants have defended this action in bad faith, nor does this Court so find; Plaintiff focuses only on Defendants' conspiratorial transfer. And Plaintiff cites no cases stating that bad faith during the course of a conspiracy—rather than during the course of litigation—supports the application of the obdurate behavior exception to the American Rule.

---

[2] Plaintiff quotes this language from *Double Oak* numerous times. The language, however, stems from a Colorado Supreme Court case, *Bunnett v. Smallwood*, 793 P.2d 157, 159–61 (1990) (quoting *Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist.*, 739 F.2d 1472, 1480 (10th Cir. 1984) (construing Colorado law), where the Court reversed a lower court's decision to award attorney fees as damages and emphasized the importance of upholding the American rule.

Accordingly, the exceptions to the American Rule highlighted in *Double Oak* are not applicable to this case, nor are they analogous to the exception—the wrong-of-another doctrine—applied in *Hectronic, Int'l* and the Oklahoma cases cited therein.

Colorado does, however, employ the wrong-of-another doctrine in numerous other cases.[3] A review of those cases demonstrates that the wrong-of-another doctrine is inapplicable to the circumstances before the Court. Just as in Oklahoma, the Colorado wrong-of-another doctrine provides that attorney fees "incurred by [a] wronged party in [a] third party suit may be recovered in a later action against the wrongdoer." *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1288 (Colo. 1996). Stated differently,

> When the natural and probable consequence of a wrongful act has been to involve plaintiff in litigation **with others**, the general rule is that the reasonable expenses of **that litigation** may be recovered from the wrongdoer.
>
> …
>
> [CO courts] permit an award of fees only where the party seeking the costs had to defend his rights against **third parties in separate litigation.**

*Elijah v. Fender*, 674 P.2d 946, 951 (Colo. 1984) (emphasis added). Again, "others" does not include the wrongdoer defendant; the Colorado Supreme Court has made expressly clear that "the fees incurred in bringing the actual action against the wrongdoer"—which is exactly what Plaintiff seeks in this case—"are not recoverable."

---

[3] Although Plaintiff concedes that the wrong-of-another doctrine is inapplicable here, Plaintiff's reliance on *Hectronic, Int'l*, which interprets the Oklahoma wrong-of-another doctrine suggests that Plaintiff does not so concede. Thus, in an abundance of caution, the Court addresses the applicability of that long-recognized exception to the American Rule.

*Bernhard*, 915 P.2d 1288.  Indeed, numerous Colorado Supreme Court cases demonstrate this limitation to the doctrine.

For example, in *Elijah v. Fender*, 674 P.2d 946 (Colo. 1984), plaintiff home buyers sued a defendant broker for fraud.  During the fraud suit, plaintiffs were awarded attorney fees as actual, compensatory damages incurred in prosecuting a separate lawsuit against a third party to quiet that party's title to the home.  *Id.* at 948, 950–52.  Because of the defendant broker's fraud, plaintiffs had to initiate that collateral action.  *Id.* at 951.  Plaintiffs did not request, or recover, fees incurred in the fraud litigation against defendant.

In *Feit v. Donahue*, 826 P.2d 407 (Colo. 1992), plaintiff home buyers commenced litigation against defendant home vendors alleging fraud in the sale of the home.  *Id.* at 409.  In this fraud suit, plaintiffs requested an award of attorney fees expended in dealing with a "variance controversy" with the city—a controversy that was caused in part by the defendants' fraud.  *Id.* at 413.  The Supreme Court explained that the "variance controversy" counted as third party "litigation with others" and was therefore recoverable but declined to award fees because it found plaintiffs partially at fault for the controversy.  *Id.*

In *Rocky Mtn Festival v. Parsons*, 242 P.3d 1067 (Colo. 2010), the plaintiff Festival sued a defendant engineering firm alleging that defendant was negligent in preparing a flawed water and wastewater report.  *Id.* at 1069.  During the negligence suit, the plaintiff requested, as compensatory damages, an award of attorney fees incurred in defending against a separate lawsuit brought against plaintiff by a third party to recover wastewater fees.  *Id.* at 1071–76.  Because of the defendant engineering

7

firm's fraud, plaintiff was entangled in that collateral, third-party litigation, necessitating an accrual of fees. *Id.* The Colorado Supreme Court explained the history of the wrong-of-another doctrine and found fees cognizable as a matter of law. *Id.* at 1075.

In each of these instances, a separate, collateral lawsuit against parties other than the wrongdoer defendant was necessary for attorney fees to be awarded as compensatory damages in a tort action. *See Rocky Mountain Festivals*, 242 P.3d at 1074 ("In sum, where one party's wrong results in the plaintiff's litigation of distinct and segregable claims against **another party**, the litigation costs associated with **those claims** may form the basis of an award of damages in an action between the plaintiff and the wrongdoer.") (emphasis added).

Plaintiff has not argued for fees incurred in collateral litigation with third parties. Plaintiff instead requests fees incurred in litigation with these Defendants. The Colorado Supreme Court has expressly prohibited such fees: "fees incurred in bringing the actual action against the wrongdoer are not recoverable." *Bernhard*, 915 P.2d at 1288; *see also Morris v. Askeland Enterprises, Inc.*, 17 P.3d 830, 833 (Colo. App. 2000) (denying attorney fees stemming from the defendant's wrongful conduct under CUFTA because "there was no third-party litigation."). An award of attorney fees as compensatory damages stemming from Defendants' conspiracy in this case is not, therefore, warranted.

In its Reply, Plaintiff states, "[t]o the extent the Court finds that attorney's fees are not the proper measure of Plaintiff's damages, Plaintiff is entitled to demonstrate and prove its other damages. The damages cannot be 'zero.'" (Doc. # 69 at 4.) The Court disagrees that Plaintiff is entitled to a third bite at the apple. This Court already held a

hearing on damages, wherein Plaintiff requested only attorney fees and a writ of execution on the Montrose Property. This Court agreed to review and possibly issue that writ of execution, but no writ was ever submitted. Plaintiff's subsequent briefing argues only for attorney fees; no other argument for damages has been presented to this Court. Moreover, Plaintiff's damages are not zero. This Court avoided the transfer of the Montrose Property pursuant to Colorado Revised Statute § 38-8-108(1)(a), which returned the property to its prior owners, Ms. Lucy Morales, against whom Plaintiff has a valid financial judgment, and her Trust, against the assets of which Plaintiff has domesticated judicial lien.

In *Bunnett v. Smallwood*, 793 P.2d 157 (1990), the Colorado Supreme Court cautioned against creating "exceptions" to the American rule, explaining that doing so might be difficult to contain and risk abandoning the rule altogether. Although the Court agrees with Plaintiff that Defendants' wrongful conduct has necessitated the bringing of this lawsuit against them and that Plaintiff has incurred significant expense as a result, the Colorado courts have not created an exception to the American Rule that allows for an award of attorney fees incurred in these circumstances. Thus, permitting Plaintiff to recover attorney fees as compensatory damages here would not only risk eviscerating the constraints of the American rule, it would also represent the judicial creation of a new exception—a function better addressed by the legislative than the judicial branch of government. *See Bernhard*, 915 P.2d at 1287–88. The Court cannot, therefore, grant Plaintiff's request.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion for Damages for Conspiracy is DENIED. (Doc. # 67.) Because there are no remaining claims, counterclaims, or other motions pending before this Court, the Court FURTHER ORDERS this case CLOSED.

DATED: June 28, 2018                        BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge